UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Kenneth Hannibal Hart

   v.                                   Civil No. 12-cv-362-JL

Eric Holder


### REPORT AND RECOMMENDATION

Before the court are plaintiff's four objections (doc. nos. 18, 20, 21, and 26), six motions (doc. nos. 19, 22-25 and 28), and a complaint addendum (doc. no. 27), filed since the issuance of this court's March 6, 2013, report and recommendation (doc. no. 15) ("March 6 R&R"). The court now considers whether those filings impact its recommendations as set forth in the March 6 R&R.

### Background

The procedural background of this case prior to the issuance of the March 6 R&R is laid out in that document and need not be repeated at length here. In sum, the court reviewed Hart's complaint and other pleadings, and in the March 6 R&R, recommended that the district judge: 1) deny any further extension of the deadline for Hart to either pay the filing fee in this matter or to complete his in forma pauperis ("IFP")

application; 2) deny Hart's incomplete IFP motion; 3) dismiss the action, without prejudice, for Hart's failure to pay the filing fee or complete the IFP application; 4) deny the remaining motions, including a motion to seal the action; and 5) lift the provisional seal in this matter and return Hart's original documents.

## Discussion

Despite the filing of his Certificate of Custodial Institution (doc. no. 17) since the March 6 R&R was issued, Hart's IFP application remains incomplete, as Hart has failed to file the required form giving his consent to the withdrawal of money from his inmate account to pay his filing fee.  Hart makes no new assertions in any of his filings which demonstrate good cause for his failure to file the consent form necessary to complete his IFP application by the deadline set by the court. Accordingly, the reasoning underlying this court's recommendation to deny the pending motions and dismiss the action remains applicable.  None of Hart's filings since March 6, 2013, persuade this court to reconsider the findings and recommendations contained in the March 6 R&R.  The court now reiterates its previous recommendation that this case be

dismissed without prejudice and that the pending motions be denied, with the following changes:

- The recommendation that Hart's recusal motion (doc. no. 3) be denied is rescinded as moot, as that motion was denied by endorsed order on March 29, 2013.

- The recommendation that Hart's pending motions be denied is expanded to include the motions filed since March 6, 2013 (doc. nos. 19, 22-24, 25 and 28).

- The court now recommends that any order approving the March 6 R&R or this report and recommendation should include a warning to Hart concerning the consequences of his further engagement in vexatious and abusive litigation practices.

## Conclusion

For the foregoing reasons, the district judge should issue the following order in this matter:

1. The motion to extend the deadline to pay the filing fee or complete the IFP application (doc. no. 10) is DENIED.

2. The motion to proceed IFP (doc. no. 2) is DENIED as incomplete.

3. The motion to waive the filing fee entirely (doc. no. 9) is DENIED.

    4.   All of the remaining pending motions in this action (doc. nos. 11-14, 19, 22-25 and 28) are DENIED as moot.

    5.   The action is dismissed in its entirety, without prejudice, for Hart's failure to pay the filing fee or obtain IFP status in this matter.

    6.   As the motion to seal is denied, the Clerk's office is directed to remove the provisional seal in this matter.

    7.   The Clerk's office is directed to return to Hart the original documents he has filed in this matter (doc. nos. 1-3, 5, 6, 9-14, and 16-28), and any attachments thereto. The Clerk's office is further directed to maintain a copy of each document returned to Hart in a manner not available to the public.

    8.   Hart is warned that engagement in abusive litigation practices may result in the court's issuance of an injunction restricting his future ability to engage in litigation before this court.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by

4

district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

August 29, 2013

cc: Kenneth Hannibal Hart, pro se

LBM:jba

5